# EXHIBIT B-1

El Paso County - 34th District Court
Case 3:21-cv-00084-DCG   Document 1-4   Filed 04/01/21   Page 2 of 10
Filed 2/01/2021 3:40 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0517

CAUSE NO. _____

| | | |
|---|---|---|
| ALEXANDRIA ALEMAN AND AIMEE GARZA, *Plaintiff,* | § § § § § | IN THE _____ COURT |
| VS. | § § § | NO. _____ |
| TRANSPORT INDIANA LLC. AND SCOTTY CANTRELL, *Defendants,* | § § § | OF EL PASO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION
## AND RULE 193.7 NOTICE

NOW COME **ALEXANDRIA ALEMAN AND AIMEE GARZA** (hereinafter referred to by name or as Plaintiffs), and complains of **TRANSPORT INDIANA, LLC AND SCOTTY CANTRELL** (hereinafter referred to by name or as Defendants), and for causes of action would respectfully shows the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiffs **ALEXANDRA ALEMAN** is an individual residing in Harris County, Texas.

3. Plaintiffs **AIMEE GARZA** is an individual residing in Harris County, Texas.

4. Defendant **TRANSPORT INDIANA, LLC** a foreign corporation organized and existing under the laws of Indiana, whose principal office and registered agent Andy L. Nemeth is located at 107 W Franklin St, Elkhart, IN 46516-3214, may be served with process in accordance with the

Texas long-arm statute by serving the Texas Secretary of State at the James E. Rudder Building 1019 Brazos St Rm 105, Austin, Texas 78701-2413, as its agent for service because defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from defendant's business in Texas pursuant to *Tex. Civ. Prac. & Rem. Code* §§17.044(b), 17.045.

5. Defendant **SCOTTY CANTRELL,** is an individual residing in El Paso County, Texas and may be served at Defendant's home address at 3333 Zion Ln Apt N3, El Paso, Texas 79904-3102.

### III.
### JURISDICTION & VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas. The court has jurisdiction over Defendants because they are residents of the State of Texas and/or purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part, in Texas.

7. The amount in controversy is within the jurisdictional limits of the court in which Plaintiffs now sues. Based on belief, information, and a due diligence search, venue is proper before this Court in El Paso County, as the defendant driver, **SCOTTY CANTRELL**, is a resident of El Paso County, Texas. Texas. Tex. Civ. Prac. & Rem. Code §15.002(a)(2).

### IV.
### RULE 47 – STATEMENT OF DAMAGES

8. In accordance with Tex. R. Civ. P. 47(c), Plaintiffs states that she seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## V.
## FACTS

9. On or about December 15, 2019, Plaintiffs were stopped at a stop sign at the 1800 Block of E. Houston St. intersection, in Bee County, Texas. Defendant **SCOTTY CANTRELL,** while within the course and scope of his employment with Defendant **TRANSPORT INDIANA, LLC** was traveling on a roadway perpendicular to Plaintiffs' and approached a stop sign at the same intersection. Suddenly and without warning, Defendant **SCOTTY CANTRELL** ran the stop sign and advanced into the intersection, colliding into Plaintiffs' vehicle. Plaintiffs suffered severe injuries and has incurred substantial damages, as set forth more specifically below.

## VI.
## CAUSE OF ACTION AGAINST
## TRANSPORT INDIANA, LLC

### A. RESPONDEAT SUPERIOR/NEGLIGENCE

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **SCOTTY CANTRELL** was engaged in the furtherance of Defendants **TRANSPORT INDIANA, LLC's** business and was in the course and scope of their employment.

11. Defendant **TRANSPORT INDIANA, LLC** is liable under the doctrine of *Respondeat Superior* in that Defendant **SCOTTY CANTRELL** was acting within the course and scope of his employment with Defendant **TRANSPORT INDIANA, LLC.**

12. **TRANSPORT INDIANA, LLC** is responsible for the acts and/or omissions of **SCOTTY CANTRELL,** which whether taken singularly or in any combination, constitute negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

### B. NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT

13. In addition, **TRANSPORT INDIANA, LLC** was independently negligent in one or more of the following aspects:

    a. hiring someone they knew, or should have known, was incompetent, unfit, reckless, or otherwise posed an unreasonable risk of harm to others;

    b. entrusting a vehicle to someone they knew, or should have known, was incompetent, unfit, reckless, or otherwise posed an unreasonable risk of harm to others;

    c. failing to adequately impose and enforce driver qualifications;

    d. failing to adequately train their employees in a manner in keeping with industry standards and expectations;

    e. failing to adequately supervise their employees in a manner in keeping with industry standards and expectations; and/or

    f. retaining someone they knew, or should have known, was incompetent, unfit, reckless, or otherwise posed an unreasonable risk of harm to others.

14. **TRANSPORT INDIANA, LLC** is liable for the negligent entrustment of the commercial vehicle to **SCOTTY CANTRELL**. **TRANSPORT INDIANA, LLC** negligently entrusted their vehicle to **SCOTTY CANTRELL**, whom **TRANSPORT INDIANA, LLC** knew or should have known was an incompetent and/or reckless driver. **TRANSPORT INDIANA, LLC** violated their duty to exercise ordinary care in the entrustment and operation of the vehicle.

15. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

C. **GROSS NEGLIGENCE**

16. **TRANSPORT INDIANA, LLC**'s conduct was more than momentary thoughtlessness or inadvertence. Rather, **TRANSPORT INDIANA, LLC**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. **TRANSPORT INDIANA, LLC** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

17. The acts and/or omissions by **TRANSPORT INDIANA, LLC** outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. **TRANSPORT INDIANA, LLC**'s acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and **TRANSPORT INDIANA, LLC** had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

18. Each of these acts and/or omissions, whether taken singularly or in any combination, equals gross negligence which proximately caused the collision, injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

**VII.**
**CAUSE OF ACTION – SCOTTY CANTRELL**

A. **NEGLIGENCE**

19. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of

the Defendants. Defendant **SCOTTY CANTRELL** operated the vehicle in a negligent manner by violating the duties he owed the Plaintiffs to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. Failing to timely turn or apply the brakes of the vehicle in order to avoid the collision in question;

c. Failing to operate his vehicle in a safe and prudent fashion so that a collision would not occur, in violation of Section 545.401 of the TEXAS TRANSPORTATION CODE;

d. Failing to properly maintain his motor vehicle so that it could safely operate on Texas roadways;

e. in failing to blow his horn warning of imminent danger;

f. in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances; and/or

g. in failing to control his speed, in violation of Section 545.351 of the TEXAS TRANSPORTATION CODE.

20. Defendant **SCOTTY CANTRELL'S** negligence was the proximate cause of the collision and Plaintiffs' injuries.

21. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.    GROSS NEGLIGENCE**

22. Defendant **SCOTTY CANTRELL'S** conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant **SCOTTY CANTRELL'S** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant **SCOTTY CANTRELL** had actual, subjective awareness of the risk involved but,

nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

23. The acts and/or omissions by **SCOTTY CANTRELL** outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. **SCOTTY CANTRELL'S** acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and **SCOTTY CANTRELL** had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

24. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

## VIII.
## DAMAGES

25. As a direct and proximate result of the collision and the negligent conduct of Defendants **SCOTTY CANTRELL** and **TRANSPORT INDIANA, LLC**, Plaintiffs have suffered severe bodily injuries to their head, neck, back, and other parts of their body generally. The injuries are permanent in nature and have had a serious effect on the Plaintiffs health and well-being.

26. As a further result of the nature and consequences of their injuries, Plaintiffs suffered great physical and mental pain, suffering, and anguish, and in all reasonably probability, will continue to suffer in this manner for a long time into the future, if not for the remainder of their natural life.

27. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries

resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

28. As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

29. Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of their peers. However, Texas Rule of Civil Procedure 47 requires Plaintiffs to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiffs plead for monetary relief over $,1,000,000.00.

30. In sum, Plaintiffs' damages include, but are not limited to:

      a. Past medical expenses;
      b. Future medical expenses;
      c. Pain and suffering in the past;
      d. Pain and suffering in the future;
      e. Mental anguish in the past;
      f. Mental anguish in the future;
      g. Physical impairment in the past;
      h. Physical impairment in the future;
      i. Physical disfigurement in the past;
      j. Physical disfigurement in the future;
      k. Lost wages in the past;
      l. Loss of wage-earning capacity in the future;
      m. Exemplary damages;
      n. Pre-judgment interest; and
      o. Post-judgment interest.

## IX.
## INTEREST

31. Plaintiffs further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

# X.
# RULE 193.7 NOTICE

32. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Plaintiffs hereby give actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

# XI.
# JURY DEMAND

33. Plaintiffs demand a trial by jury and has tendered payment of the required jury fee.

# XII.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that the Defendants be cited to appear and answer, and upon final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

Respectfully submitted,

**Thomas J. Henry Injury Attorneys**
521 Starr St
Corpus Christi, Texas 78401-2344
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Jeffery E. Pratt
Admission No. 428307
State Bar No. 16239980
*Email: jpratt-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFF**
* Service by email to this address only